OPINION
{¶ 1} Defendant-appellant appeals from her conviction and sentence of assault upon an employee of a public children's services agency in violation of R.C. 2903.13. Defendant-appellant was sentenced to eleven months at the Ohio Reformatory for Women. Straight's appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, indicating he is unable to locate any viable issues on appeal. By entry filed herein on February 24, 2005, we advised Straight that her appellate counsel had filed an Anders brief and allowed her sixty days within which to file her own brief. Straight has not filed her own pro se brief. Straight did submit a letter to this court which was made part of the record on appeal by entry dated June 2, 2005.
 {¶ 2} Pursuant to Anders v. California, supra, we have independently reviewed the record. We agree with Straight's appellate counsel that there are no potential assignments of error having arguable merit. Straight was initially charged by indictment with assault (CSB worker), a felony of the fifth degree in violation of R.C. 2903.13. Counsel was appointed to represent Straight and a guilty plea was entered to the indicted charge.
 {¶ 3} We have thoroughly reviewed the plea hearing and the record demonstrates the trial court properly advised Straight of her rights. The trial court specifically advised Straight of the potential penalties that could be imposed, stating "the court could also sentence you to 6, 7, 8, 9, 10, 11 or 12 months plus a period of post release control."
 {¶ 4} The court fully complied with Crim.R. 11(C) in accepting the plea. Further, a review of the record reveals Straight entered her plea voluntarily with full understanding of her rights and the potential penalties. Straight also responded, "yes" to a question from the court indicating satisfaction with her court appointed counsel.
 {¶ 5} Finally, we have reviewed the sentencing hearing and note the trial court stated with substantial particularity the reasons and factors for imposing a sentence greater than the minimum.
 {¶ 6} Like Straight's appellate counsel, we find no potential assignments of error having arguable merit. Accordingly, we conclude this appeal is without merit. The judgment of the trial court is affirmed.
Fain, J. and Grady, J., concur.